I cannot doubt that both the objections to this indictment are well taken. The place of the death ought to be stated, to the end of showing that the offense charged is within the jurisdiction of the court. Though the rule was plain at common law, that murder, in common with other offenses, must be inquired into in the county wherein it was committed, yet it was doubted whether if a person receive the stroke in one county and died in another, the offense was completed in either. The statute of 2 and 3 Ed. VI. provides, however, that the trial shall be in the county where the death happens; and supposing that statute to be in force, it cannot be intended on this indictment that the death took place in New Hanover. For aught that appears, it may have taken place out of the State.
Nor is it less important to state the time of the death, in order to show that the deceased died of the wound given her by the prisoner within a year and a day after she received it. For if the death happened beyond that time, the law would presume that it proceeded from some other cause than the wound. 2 Inst., 218. For these reasons I am of opinion that the judgment should be arrested.
Judgment affirmed.
Cited: S. v. Haney, 69 N.C. 467; S. v. Pate, 121 N.C. 659. *Page 92 
(142)